UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG STEVEN PETTIFORD,

                         Plaintiff,

              -against-

THE UNITED STATES OF AMERICA,

                         Defendant.

23-CV-4972 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant violated his rights. By order dated June 15, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons stated below, the Court dismisses this action.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Craig Steven Pettiford brings this action using the court's general complaint form, and he invokes the court's federal question jurisdiction. In the section that asks Plaintiff which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes:

> All of my rights as indigenous (Cherokee Blackfoot) Native American whose land was capitalized by you. I am not colored, or, am I a slave. All treaties my forefather/mother made were broken.[1]

(ECF No. 1 at 2.) Plaintiff alleges that the events giving rise to his claims occurred on June 1, 2023 in the "State of New York." (*Id.* at 5.) He alleges

> On the date above, I was looking at my birth certificate, and I noticed two words: color, or, race. My father who (31 yrs) – mother (25 yrs) put an -ed- on the word

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

color, and depicted themselves as colored. This discovery along with many other
discoveries, have me in an extremely traumatized emotional state, because of
knowing that I have been born in slavery. I'm very aware of what my
overseers/government did to me! I am very aware, and, knowledgeable of my true
nature of being! I am not black! or a nigger! I am not from this place you call
Africa! This is my land, and, I never made no deal to be your subject. I was born
four years after: Mr. Emmitt Till at the age of fourteen was murdered by European
hands! I refuse to be your slave, your boy, your joke, your entertainment fool,
your criminal above all else!!! I am traumatized by this cabal of control, and, lies!
I was castrated by you! Whipped, flogged, and, mentally/emotionally damaged!!!

(*Id.* at 5-6.)

Plaintiff asserts that his injuries are life long, and he seeks $50 billion dollars in damages.

## DISCUSSION

**A.      Sovereign Immunity**

Under the doctrine of sovereign immunity, the United States of America is immune from

any liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal

courts from hearing all suits against the federal government, including suits against federal

agencies, unless sovereign immunity has been waived.[2] *United States v. Mitchell*, 445 U.S. 535,

538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)

("Because an action against a federal agency . . . is essentially a suit against the United States,

such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is

waived.").

The Court therefore dismisses all claims brought against the United States of America

under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[2] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for
a waiver of sovereign immunity for certain claims for monetary damages arising from the
tortious conduct of federal government officers or employees acting within the scope of their
office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest
that the FTCA is applicable here.

**B.      Leave to Appeal Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint because it seeks monetary relief against Defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). All other requests are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is further directed to enter judgment in this action.

SO ORDERED.

Dated:    April 22, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge